OPINION
This is an appeal from a decision of Judge Sinclair of the Stark County Common Pleas Court granting Summary Judgment to the State of Ohio on appellant's post conviction petition without an evidentiary hearing.
Appellant had been indicted on one count of aggravated burglary in violation of R.C. § 2911.11 and was found guilty by a Jury.
On appeal two Assignments of Error were raised, to wit: denial by the Court of his motion for acquittal and ineffective assistance of counsel. This Court rejected such Assignments and affirmed the conviction.
Thereafter, appellant filed a post-conviction petition. This Court reversed the lower Court's denial on the basis of an incorrect application of the principal of res judicate and because the Court did not set forth findings of fact in accordance with State v. Calhoun,86 Ohio St.3d 279, which was decided subsequent to the Court's judgment.
On remand the Court again denied petition without a hearing.
From this decision this appeal is taken and two Assignments of Error are asserted:
 I. THE TRIAL COURT'S JUDGMENT ENTRY SUSTAINING THE STATE'S MOTION FOR SUMMARY JUDGMENT AND SUMMARILY DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF IS INSUFFICIENT AS A MATTER OF LAW.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S REQUEST FOR A HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF.
 I., II.
As to the First Assignment of Error we must disagree.
Revised Code § 2953.21(C) requires the Court to determine, first of all, if there are substantive grounds for relief. If the Court dismisses the petition, findings of fact and conclusions of law are required.
State v. Calhoun, infra, established guidelines for a Court in reviewing the documents and supporting affidavits:
 (1) whether the same judge who presided at the criminal trial is reviewing the post-conviction relief petition;
 (2) whether the affidavits contain identical language or otherwise appear to be drafted by the same person;
 (3) whether the affidavits contain or rely upon hearsay;
 (4) whether the affiants are relatives of the petitioner or are otherwise interested in the success of the petitioner's efforts;
 (5) whether the affidavits contradict evidence proffered at trial by the petitioner; and,
 (6) whether affidavit is contradicted by evidence at trial by the same witness, or is internally inconsistent.
After remand, the Trial Court, while again dismissing the petition on Summary Judgment, made specific findings of fact and conclusions of law in accordance with such guidelines.
Both the First and Second Assignments of Error are closely related. R.C. § 2953.21 requires the Court to consider all documentation of the case, including the affidavits in support of the petition to determine if substantive grounds exist for relief and an evidentiary hearing.
The affidavits in essence address the issue of ineffective assistance of counsel.
The Court, under Calhoun, supra, was, in addition, to use as a guide its knowledge of the witnesses and testimony since the reviewing judge had presided at appellants trial.
Another factor was that Lisa Burch's affidavit was in direct conflict with her plea of guilty.
The First Assignment of Error effectively is stating that the Court abused its discretion in considering the statutory requirements and the guidelines of Calhoun which this Court required in its prior remand and not whether the Court's decision is insufficient as a matter of law as the Judgment Entry from which this appeal clearly follows such the applicable statutes and guidelines.
Revised Code § 2953.21 does not expressly mandate a hearing for every post-conviction relief petition; therefore, a hearing is not automatically required. In determining whether a hearing is required, the Ohio Supreme Court has stated that the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits and the files and records of the cause. State v. Jackson (1980), 64 Ohio St.2d 107.
As the Supreme Court further explained in Jackson, supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993(, 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State V. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
The Court in its Entry set forth with detail each factor considered, including the efforts of trial counsel and the credibility of the victim-witness as compared with the supporting affidavits.
We therefore must disagree with each Assignment of Error and affirm the decision in this cause.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Common Pleas Court, Stark County, Ohio is affirmed. Costs to Appellant.
Boggins, J.
Hoffman, P.J. Wise, J. concur.